UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 1:24-cr-10253-IT |
| TIMOTHY HEARNS, ROBERT | * | |
| HECKSTALL, and DOMINIQUE | * | |
| CARPENTER-GRADY, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

April 10, 2026

TALWANI, D.J.

Defendants Timothy Hearns, Robert Heckstall, and Dominique Carpenter-Grady are charged with one count of Conspiracy to Distribute and to Possess with Intent to Distribute PCP, MDMB-4en-PINACA, and ADB-4en-PINACA, in violation of 21 U.S.C. § 846. Indictment 1 [Doc. No. 1].[1] The parties dispute the proper drug weight calculation for determining the base offense level pursuant to the United States Sentencing Commission Guidelines (the "Guidelines").

The government contends that the drug weight is properly based on the number of doses, see Gov't's Mem. 1, 8 [Doc. No. 179], while Defendants argue that a dose-based calculation is inappropriate here where the weight of the drugs, together with their carrier medium, is known, see Defs.' Mem. 2–3 [Doc. No. 177]. The court concludes that, under the circumstances here, the Guidelines' drug quantity calculation is properly based on the combined weight of the drugs and the carrier medium at issue, rather than a weight calculated from doses.

---

[1] Carpenter-Grady has pled guilty and is currently scheduled for sentencing. Charges as to the other two Defendants are pending.

### I.    Background

The drugs at issue were allegedly saturated into sheets of paper. See Gov't's Mem. 2 [Doc. No. 179]. The Drug Enforcement Agency ("DEA") has reported the weight per group of sheets seized during the Massachusetts Department of Corrections' ("MDOC") investigation of Defendants. See Defs.' Mem. 1 [Doc. No. 177]; Defs.' Mem. Ex. A [Doc. No. 177-1]; Defs.' Mem. Ex. B [Doc. No. 177-2]; Defs.' Mem. Ex. C [Doc. No. 177-3]; Defs.' Mem. Ex. D [Doc. No. 177-4]. The government asserts that MDOC investigators involved in this case calculate that the sheets contain at least "1,440 doses per page" and that a table of typical weights per dose, rather than the weight of the sheets, should be used to calculate the drug weight. See Gov.'t's Mem. 2 n.1, 5, 8 [Doc. No. 179].

### II.    Discussion

Under U.S.S.G. § 2D1.1(a)(5), except in circumstances not at issue here, the base offense level for violations of 8 U.S.C. § 846 is "the offense level specified in the Drug Quantity Table set forth in subsection (c)" of § 2D1.1. U.S Sent'g Guidelines Manual § 2D1.1(a)(5) (U.S. Sent'g Comm'n 2025). For PCP, the Drug Quantity Table in subsection (c) provides for the base offense level based on weight. Id. § 2D1.1(c).

> Note A to the Drug Quantity Table explains generally that:
>
> Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance. If a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level.

Id. § 2D1.1(c), Notes to Drug Quantity Table (A). With respect to PCP, Note B to the Drug Quantity Table states:

> The term[] "PCP (actual)" . . . refer[s] to the weight of the controlled substance, itself, contained in the mixture or substance. . . . In the case of a mixture or substance containing PCP . . . use the offense level determined by the entire weight

2

of the mixture or substance, or the offense level determined by the weight of the PCP (actual) . . . , whichever is greater.

Id. § 2D1.1(c), Notes to Drug Quantity Table (B).

Here, the weight of the PCP mixture is known, but the weight of the "PCP (actual)" has not been determined.[2] Defendants argue that, since the weight of the mixture is known, that weight should be used to determine the base offense level. See Defs.' Mem. 2–3 [Doc. No. 177]. The government argues that because the weight of the pure PCP is not known, the court should apply Application Note 9 to § 2D1.1. See Gov't's Mem. 3–4 [Doc. No. 179].

Application Note 9 provides that:

If the number of doses, pills, or capsules, but not the weight of the controlled substance is known, multiply the number of doses, pills, or capsules by the typical weight per dose [in an accompanying table] to estimate the total weight of the controlled substance[.]

U.S Sent'g Guidelines Manual. § 2D1.1, app. n.9 (U.S. Sent'g Comm'n 2025). The accompanying table provides for PCP that a "typical weight per unit (dose, pill, or capsule)" is 5 mg. Id. (citation modified).

But Application Note 9 applies only where "the weight of the controlled substance" is not known. Here, even if the weight of the pure PCP is not known, the weight of the drugs and the paper into which they are saturated—in other words, the "entire weight of the mixture or substance"—is known. See Gov't's Mem. 3 [Doc. No. 179] (reporting the results of the DEA's weight analysis); Defs.' Mem. 1 [Doc. No. 177] (same). Application Note 9 instructs further: "Do not use [the dose-to-weight conversion table incorporated into Application Note 9] if any more reliable estimate of the total weight is available from case-specific information." U.S

---

[2] The record is not clear as to whether the weight of the pure PCP contained in the sheets can be determined.

Sent'g Guidelines Manual § 2D1.1, app. n.9 (U.S. Sent'g Comm'n 2025). The court finds that the DEA's analysis of the total weight of the paper and the drugs contained therein is, in fact, a "more reliable estimate" of the "total weight" of the drugs at issue, versus a proxy calculated by reference to dosage.

Finally, the court notes that there is no support in the Guidelines for the 1,440 doses per page calculation for PCP saturated into sheets of paper. The Guidelines provide that:

> LSD on a blotter paper carrier medium typically is marked so that the number of doses ("hits") per sheet readily can be determined. When this is not the case, it is to be presumed that each 1/4 inch by 1/4 inch section of the blotter paper is equal to one dose.

Id. § 2D1.1, com. n.10. Note G to the Drug Quantity Table provides, in turn, that "[i]n the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 milligrams of LSD for the purposes of the Drug Quantity Table." Id. § 2D1.1(c), Notes to Drug Quantity Table (G). The Guidelines give no similar directives for PCP. Where the Sentencing Commission drew a distinction between LSD and other controlled substances with respect to calculating the base offense level under § 2D1.1, the court finds no basis on which to depart from the drug weight calculation based on the total weight of the drugs and their carrier medium in favor of a drug weight based on doses.

### III.    Conclusion

For the foregoing reasons, the court finds the applicable base offense level for the offense charged here to be based on the combined weight of the PCP and the paper, rather than by calculating weight based on alleged dosing units. Nothing in this order shall prevent the

government or Defendants from seeking a variance from the Guidelines sentencing range that results from a base offense level calculated in this manner.

IT IS SO ORDERED.

April 10, 2026                                  /s/ Indira Talwani
                                               United States District Judge